UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Civil Action No. 1:04CV00813

ROBERTO ABREO, ALEJANDRO ARIAS, JUAN M. CASTENEDA, RUPERTO FELIX, FELIPE FLORES, FLORENCIO FLORES, ALFONSO GARCIA, JOSE L. GONZALEZ, ERNESTO HERNANDEZ, RAMUALDO HERNANDEZ, GUILLERMO RAMOS, AND SAUL RODRIGUEZ,

    Plaintiffs,

v.

NORTH CAROLINA GROWERS' ASSOCIATION, INC., and BARNES FARMING CORPORATION, INC.,

    Defendants.

**NOTICE OF REMOVAL**

Defendants North Carolina Growers' Association, Inc. ("NCGA") and Barnes Farming Corporation, Inc. ("Barnes"), by their undersigned counsel of record, hereby petition for and give notice of removal of an action filed by Roberto Abreo, Alejandro Arias, Juan M. Casteneda, Ruperto Felix, Felipe Flores, Florencio Flores, Alfonso Garcia, Jose L. Gonzalez, Ernesto Hernandez, Ramualdo Hernandez, Guillermo Ramos, and Saul Rodriguez in the General Court of Justice, Superior Court Division of Moore County, North Carolina, to the United States District Court for the Middle District of North Carolina. In support of this Notice of Removal, Defendants show the following grounds:

1

1.  On or about July 9, 2003, Plaintiffs commenced this action by filing a summons and Complaint in the General Court of Justice, Superior Court Division for Moore County (Civil Action No. 04CVS0936). A copy of the summons and Complaint is attached as Exhibit A.

2.  On or about August 9, 2004, a copy of the summons and Complaint was served upon counsel for the Defendants; therefore, the time to answer the Complaint has not yet expired. The summons and Complaint are the only documents that have been served in this action.

3.  Defendants remove this action on the ground of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

4.  It appears from the Complaint that the United States District Courts have original jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1441 because it is a civil action arising under the Constitution, laws, or treaties of the United States.

5.  This matter is removable on the ground of federal question jurisdiction because nearly all of Plaintiffs' claims necessarily turn on interpretation of federal statutes and their implementing regulations. First, Plaintiffs' Complaint contains a claim for failure to pay wages for time spent waiting and in transit to the worksite. Complaint, ¶¶ 12-14. Whether the Plaintiffs have stated a claim for which relief may be granted is wholly dependent upon whether the time in dispute is compensable within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Portal-to-Portal Act provisions of the FLSA, 29 U.S.C. §251, *et seq.* The

Plaintiffs' Complaint also alleges that a check-cashing fee constituted an illegal "kickback" that reduced the Plaintiffs' wages "below the required hourly amount." Complaint, ¶ 17. Whether the Plaintiff has stated a claim for which relief may be granted is wholly dependent upon interpretation of the FLSA and its regulations as well as of 8 U.S.C. §1101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act (hereinafter "the H-2A statute") and its implementing regulations. Finally, the Plaintiffs' Complaint alleges that the Defendants failed to pay the Plaintiffs in accordance with the timetable set forth in their "contract." Complaint, ¶¶ 19-20. Whether the Plaintiffs have stated a claim for which relief may be granted is wholly dependent upon interpretation of the applicable "contract," which is governed by the federal H-2A statute and the H-2A regulations. Thus, without reference to these federal statutes, almost all of the Plaintiff's Claim for Relief is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6. The thirty-day period for filing a notice of removal under 28 U.S.C. § 1446 has not yet expired.

7. The Defendants are giving written notice of this Notice of Removal to all parties and is filing a copy of this Notice of Removal with the Clerk of the State of North Carolina, Moore County, General Court of Justice, Superior Court Division.

WHEREFORE, the Defendants respectfully request that this action be removed from the General Court of Justice, Superior Court Division of Moore County, North Carolina, to this Court.

3

This the 7th day of September, 2004.

*(signature: Robin E. Shea)*

W. R. Loftis, Jr.
N.C. State Bar No. 2774
Robin E. Shea
N.C. State Bar No. 15862

OF COUNSEL:

CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: 336-721-1001
Facsimile: 336-748-9112

4

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **NOTICE OF REMOVAL** was sent to Plaintiffs' counsel by depositing a copy of same in the United States Mail in Winston-Salem, North Carolina, postage prepaid, and addressed as follows:

>Ashley Osment
>P.O. Box 1290
>Chapel Hill, NC 27514
>
>Mary Lee Hall
>Legal Aid of North Carolina
>Farmworker Unit
>P.O. Box 26626
>Raleigh, NC 27611

The undersigned hereby certifies that on this date a copy of the foregoing **NOTICE OF REMOVAL** was sent to the following individual via Federal Express, and addressed as follows:

>Catherine P. Graham
>Clerk of Superior Court
>Moore County Courthouse
>One Courthouse Square
>Carthage, NC 28327

This the 7th day of September, 2004.

Robin E. Shea

OF COUNSEL:

CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: 336-721-1001
Facsimile: 336-748-9112

5

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>MOORE COUNTY | IN THE GENERAL COURTS OF JUSTICE<br>SUPERIOR COURT DIVISION<br>2004 JUL -9 PM 4:00<br>MOORE COUNTY, C.S.C.<br>BY _____ |

| | | |
|---|---|---|
| Roberto Abreo, Alejandro Arias,<br>Juan M. Casteneda, Ruperto<br>Felix, Felipe Flores, Florencio<br>Flores, Alfonso Garcia, Jose L.<br>Gonzalez, Ernesto Hernandez,<br>Ramualdo Hernandez, Guillermo<br>Ramos, and Saul Rodríguez,<br>    Plaintiffs | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| v. | ) | COMPLAINT |
| North Carolina Growers<br>Association, Inc., and<br>Barnes Farming Corporation, Inc.<br>    Defendants. | )<br>)<br>)<br>)<br>) | |

1. Plaintiffs were employed by defendants in 2002 as temporary foreign agricultural workers. Defendants failed to pay plaintiffs their wages free and clear, failed to pay them their contract hourly wage for all compensable time, and failed to pay all wages owed to them in a timely manner.

2. Plaintiffs bring this action under the North Carolina Wage and Hour Act, N.C.G.S. 95-25, to redress violations of their rights by the defendants.

### Parties

3. Plaintiffs are citizens of Mexico who came to the United States in the fall of 2002 as temporary foreign agricultural workers (H-2A workers). At all times pertinent to this action, they were employed in the production of goods for commerce.

4. Defendant North Carolina Growers Association, Inc.(NCGA) is a North Carolina corporation whose headquarters are in Moore County. At all times pertinent to


EXHIBIT A

this action, NCGA was an employer of the plaintiffs under the statutes under which plaintiffs bring their claims.

5. Defendant Barnes Farming Corporation, Inc. (Barnes Farming) is a North Carolina corporation which farms in Nash and other counties. At all times pertinent to this action, Barnes was an employer of the plaintiffs under the statutes under which plaintiffs bring their claims.

6. Defendants Carson and Johnny Barnes are the principals of Barnes Farming Corporation. Upon information and belief, they also operate a store which provides an office for Barnes Farming Corporation.

## Facts

7. In the fall of 2002, plaintiffs came to North Carolina from their homes in Mexico to work as H-2A workers for defendants. Plaintiffs were assigned by defendant NCGA to work at Barnes Farming.

8. As a part of their contracts with defendants, plaintiffs were provided housing in migrant labor camps.

9. Plaintiffs' hourly wage under their contracts with defendants was to be no less than $7.53.

10. Plaintiffs did not have their own transportation and were dependent upon defendants to transport them from the labor camp to the worksite.

11. Defendant Barnes Farming has a large operation and in 2002 operated approximately 10 different labor camps.

12. Plaintiffs were required by defendants to be ready very early each morning at defendant Barnes Farming's labor camp where they resided. Their immediate

supervisor drove all workers from that camp, in one of Barnes Farming's buses, to the Barnes Farming dispatch office where the crews had to report for work, approximately 4-5 miles away at Stricklands' Crossroads. The dispatch office was located in the Barnes store. Plaintiffs arrived at this location before 6:00 a.m.

13. Plaintiffs and other Barnes Farming workers from other camps were required to wait at this location until Johnny Barnes arrived with work assignments for the crews. Plaintiffs were not free to leave the site.

14. Plaintiffs were not compensated for their time spent waiting for their work assignments nor for their travel time from the designated reporting site to the field.

15. Plaintiffs were paid on a weekly basis by check for their work by a Barnes Farming supervisor at the same site at which the crew received its daily work assignment, the Barnes store.

16. Because plaintiffs were dependent upon Barnes Farming's supervisors for transportation, they had no independent means of cashing their paychecks. Each plaintiff was charged a fee by the Barnes store for cashing each paycheck.

17. This check cashing fee was a kickback and reduced the plaintiffs' wages below the required hourly amount.

18. In the alternative, the check cashing fee was a deduction from wages for which the defendants did not have a written authorization from the plaintiffs in violation of N.C.G.S. §95-25.8.

19. Under the terms of their contract, plaintiffs were to receive sums for their transportation and subsistence home on or by the ending date of the contract, November 5, 2002.

20. Plaintiffs did not receive their transportation and subsistence monies on the date said wages were due.

## Claim for Relief

21. This claim arises under the North Carolina Wage and Hour Act, N.C.G.S. §95-25.22.

22. Defendants violated the provisions of N.C.G.S.§95-25.12 and §95-25.8 by failing to pay plaintiffs all their wages in a timely manner.

23. Plaintiffs have suffered damages as a result of defendants' violation of the Act.

## Jury Demand

24. Plaintiffs demand a trial by jury on all issues so triable.

## Prayer for Relief

Plaintiffs respectfully pray that this Honorable Court enter an order:

a) finding that defendants failed to compensate them for all hours of work;

b) finding that defendants received an illegal kickback or took an improper deduction from plaintiffs' wages by reason of the check-cashing charge, reducing plaintiffs' wages below the required hourly amount;

c) finding that defendants failed to pay plaintiffs their wages in a timely manner

d) enjoining the defendants from continuing to violate the North Carolina Wage and Hour Act;

e) awarding plaintiffs their unpaid wages and an equal amount as liquidated damages;

f) awarding plaintiffs the costs of this action and plaintiffs' attorney Ashley Osment a reasonable attorney's fee.

Respectfully Submitted, this the 7 day of July, 2004.

*Ashley Osment*
Ashley Osment
NC State Bar No. 22238
P.O. Box 1290
Chapel Hill, NC 27514
(919) 968-1278
Attorney for all Plaintiffs

*Mary Lee Hall*
Mary Lee Hall
NC State Bar No. 16347
Legal Aid of North Carolina
Farmworker Unit
P.O. Box 26626
Raleigh, North Carolina 27611
(919) 856-2180
Attorney for Plaintiffs Abreo, Casteñeda, Felipe Flores, Garcia, Gonzalez, Felix and Ramos

| STATE OF NORTH CAROLINA | | File No. |
|---|---|---|
| Moore County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Abreo, Roberto | |
| Address | **CIVIL SUMMONS** |
| | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| Mexico | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| NC Grower's Associaton: (Registered Agent: Stan Eury)<br>Barnes Farming Corporation, Inc | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Barnes Farming Corporation, Inc.<br>P.O. Box 310<br>Springhope, NC 27882 | North Carolina Grower's Association<br>230 Cameron Avenue<br>P.O. Box 417<br>Vass, NC 28394 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Mary Lee Hall<br>Legal Aid of NC- Farmworker Unit<br>224 South Dawson Street<br>P.O. Box 26626<br>Raleigh, NC 27601 | 1-4-04 | 2:15 | ☐ AM ☒ PM |
| | Signature | | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts      (Over)

| STATE OF NORTH CAROLINA | | File No. |
|---|---|---|
| Moore County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Abreo, Roberto | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS<br>G.S. 1A-1, Rules 3, 4 |
| Address | |
| City, State, Zip<br>Mexico | |
| VERSUS | |
| Name Of Defendant(s)<br>NC Grower's Associaton: (Registered Agent: Stan Eury)<br>Barnes Farming Corporation, Inc | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Barnes Farming Corporation, Inc.<br>P.O. Box 310<br>Springhope, NC 27882 | North Carolina Grower's Association<br>230 Cameron Avenue<br>P.O. Box 417<br>Vass, NC 28394 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Mary Lee Hall<br>Legal Aid of NC- Farmworker Unit<br>224 South Dawson Street<br>P.O. Box 26626<br>Raleigh, NC 27601 | 1-7-04 | 2:15 ☐ AM ☒ PM | |
| | Signature | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts                    (Over)

| STATE OF NORTH CAROLINA | | File No. |
|---|---|---|
| Moore County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff<br>Abreo, Roberto | |
|---|---|
| Address<br> | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip<br>Mexico | |
| VERSUS | G.S. 1A-1, Rules 3, 4 |
| Name Of Defendant(s)<br>NC Grower's Associaton: (Registered Agent: Stan Eury)<br>Barnes Farming Corporation, Inc | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Barnes Farming Corporation, Inc.<br>P.O. Box 310<br>Springhope, NC 27882 | North Carolina Grower's Association<br>230 Cameron Avenue<br>P.O. Box 417<br>Vass, NC 28394 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>Mary Lee Hall<br>Legal Aid of NC- Farmworker Unit<br>224 South Dawson Street<br>P.O. Box 26626<br>Raleigh, NC 27601 | Date Issued<br>1-4-04 | Time<br>2:15 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts (Over)