IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERTO ABREO, ALEJANDRO ARIAS, )
JUAN M. CASTENEDA, RUPERTO )
FELIX, FELIPE FLORES, )
FLORENCIO FLORES, ALFONSO )
GARCIA, JOSE L. GONZALEZ, )
ERNESTO HERNANDEZ, RAMUALDO )
HERNANDEZ, GUILLERMO RAMOS, )
and SAUL RODRIGUEZ, )
 )
    Plaintiffs, )
 )
    v. )    1:04CV00813
 )
NORTH CAROLINA GROWERS' )
ASSOCIATION, INC. and BARNES )
FARMING CORPORATION, INC., )
 )
    Defendants. )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

This matter is before the court on a motion to remand by Plaintiffs Roberto Abreo, Alejandro Arias, Juan Casteneda, Ruperto Felix, Felipe Flores, Florencio Flores, Alfonso Garcia, Jose Gonzalez, Ernesto Hernandez, Ramualdo Hernandez, Guillermo Ramos, and Saul Rodriguez (collectively, "Plaintiffs"). After filing voluntary dismissals with prejudice, only Florencio Flores, Jose Gonzalez, and Ernesto Hernandez remain plaintiffs. Plaintiffs filed this action against Defendants N.C. Growers' Association, Inc. and Barnes Farming Corporation ("Barnes") (collectively, "Defendants") under the N.C. Wage and Hour Act,

N.C. Gen. Stat. §§ 95-25.1 et seq. Defendants removed this action from Moore County Superior Court. For the reasons stated below, this court will grant Plaintiffs' motion to remand.

I.   **FACTUAL BACKGROUND**

Plaintiffs came to North Carolina from Mexico in fall 2002 to work on Defendants' farming operations. Plaintiffs worked for N.C. Growers' Association, which assigned Plaintiffs to work for Barnes. Plaintiffs' contract with Barnes entitled them to no less than $7.53 per hour and to payments for transportation and subsistence expenses by the contract's final date. Plaintiffs incurred the transportation and subsistence expenses traveling to Mexico. Defendants allegedly did not make the payments.

Plaintiffs started work daily by waiting at the labor camp, where they lived, for one of Barnes's buses to take them to a dispatch office. Plaintiffs waited at the dispatch office for at least forty-five minutes, at which point Johnny Barnes, an agent for Barnes, would arrive with assignments. Plaintiffs could not leave during the waiting period. Barnes paid Plaintiffs weekly, but none of the Plaintiffs had means to cash their paychecks other than Barnes's check-cashing service, which was located at its office. Barnes charged a fee for this service.

Plaintiffs initially filed this action in Moore County Superior Court. Plaintiffs filed suit under N.C. Wage and Hour Act and the common law. Plaintiffs claimed (1) the check-cashing

2

fee was an illegal kickback, (2) the check-cashing fee was an unauthorized deduction from wages, (3) Defendants unlawfully failed to pay Plaintiffs for the time they spent waiting for Johnny Barnes, and (4) Defendants breached the contract with Plaintiffs by not providing transportation and subsistence payments.  At issue is whether Claims (1), (3), and (4) create federal question subject matter jurisdiction.

**II. ANALYSIS**

The issue is whether this court has subject matter jurisdiction.  If there is no subject matter jurisdiction, then this court must remand this action to Moore County Superior Court.  As Defendants removed the action to federal court, the burden is upon them to show subject matter jurisdiction.  See McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936).  The only subject matter basis Defendants assert is federal question jurisdiction.

In general, "the federal question must appear on the face of [a plaintiff's] well-pleaded complaint."  13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure:  Jurisdiction 2d § 3566, at 83 (2d ed. 1984 & Supp. 2005).  Thus, "[t]he [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429

3

(1987). Plaintiffs' complaint states claims under only North Carolina state law.

There are two exceptions to the rule. A federal question may exist in a state law claim when federal law completely preempts the state law. In complete preemption, a federal court treats the state law claim as a federal cause of action. <u>Id.</u> at 393, 107 S. Ct. at 2430. A federal question may also exist when "some substantial, disputed question of federal law is a necessary element of the state claim." 13B Wright, Miller & Cooper, <u>supra</u>, § 3566, at 90-91 (citing <u>Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 10-11, 103 S. Ct. 2841, 2847 (1983)). Thus, the "right or immunity created by the Constitution or laws of the United States must be an element, and an <u>essential</u> one, of the plaintiff's cause of action." <u>Gully v. First Nat'l Bank in Meridian</u>, 299 U.S. 109, 112, 57 S. Ct. 96, 97 (1936) (emphasis added). A federal defense, however, to a state law claim is insufficient to create federal question jurisdiction because it "is not part of a plaintiff's properly pleaded statement of his or her claim." <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998). Defendants argue federal law is a necessary and essential element of Claims 1, 3, and 4.

Claim 1 does not create federal question subject matter jurisdiction. Defendants argue Plaintiffs' claim stating

4

Defendants' check-cashing fee is an illegal kickback is only available under federal law, and no such claim exists under North Carolina law. Plaintiffs claim the kickback was illegal because it reduced the hourly pay below the amount North Carolina law requires, and the complaint clearly alleges only violations of the N.C. Wage and Hour Act. Defendants do not show Plaintiffs, or North Carolina law, rely on the federal law as an essential element. Defendants only assert no North Carolina cause of action exists, thus Plaintiffs must rely upon a federal cause of action. If Defendants correctly state the N.C. Wage and Hour Act does not recognize illegal kickbacks, and such a claim is only available under federal law, then other procedural devices may be available to dispose of the claim. No federal question exists in Claim 1 as pled.

Claim 3 also states no federal question. Claim 3 states the Defendants unlawfully failed to pay Plaintiffs for the time they spent waiting for Johnny Barnes. Defendants do not show federal law is an essential element of Plaintiffs' state law claim. Defendants only argue the N.C. Wage and Hour Act does not recognize a claim for failure to pay for waiting time; such a claim is only available under federal law. As with Claim 1, if there were no claim under North Carolina law, then Defendants may seek other procedural devices to dispose of the case. As pled, there is no federal question in Claim 3.

Finally, Claim 4 contains no federal question. Claim 4 states Defendants failed to pay transportation and subsistence expenses by the contract's ending date as agreed, a common law contract action. Defendants state "a failure to pay [these] wages when due is a violation of the" N.C. Wage and Hour Act, but "there can be no determination of when or even whether wages are due without reference to [federal law]." (Defs.' Br. Opp'n Pls.' Mot. Remand at 6.) Defendants effectively assert a defense, under federal law, to Plaintiffs' common law contract claim: whatever amounts Plaintiffs claim Defendants owe under the contract, Defendants may be able to limit those amounts with a federal law defense. Federal defenses are insufficient to create federal question jurisdiction. Claim 4 is not a federal question claim.

No federal question claims appear on the face of Plaintiffs' complaint, and Defendants fail to show complete preemption or federal law as essential elements of the claims. Thus, this court is without subject matter jurisdiction and must remand the case.

**III. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion to Remand [4] is GRANTED.

6

This the 25th day of November 2005.

_____
United States District Judge